UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAO Q. XIE,<br><br>              Plaintiff(s),<br><br>    v.<br><br>MF FUND II LP, et al.,<br><br>              Defendant(s).<br>_____/ | No. C-13-00401 DMR<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

On March 22, 2013, Defendants Craig Lipton and MF Fund II LP filed a Motion to Dismiss. [Docket No. 6.] On April 12, 2013, this court issued an Order to Show Cause for Plaintiff's failure to respond to the Motion to Dismiss. [Docket No. 8.] Plaintiff was ordered to respond by April 21, 2013 and show cause for Plaintiff's failure to respond to the motion in accordance with Civil Local Rule 7-3(a) or alternatively to file a statement of non-opposition to the motion as required by Civil Local Rule 7-3(b). In addition, Plaintiff was ordered to file any proofs of service by April 21, 2013, so that the court could determine which of the defendants have been served. The court admonished Plaintiff for Plaintiff's failure to respond to the Motion to Dismiss, and warned that the Motion to Dismiss may be granted and the case may be dismissed for Plaintiff's failure to prosecute if Plaintiff did not timely respond to the Order to Show Cause.

Plaintiff did not respond to the order to show cause. Accordingly, this matter is hereby dismissed without prejudice for failure to prosecute.[1] All pending hearing dates, case management conferences, and deadlines are hereby terminated.

IT IS SO ORDERED.

Dated: April 26, 2013

DONNA M. RYU
United States Magistrate Judge

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). Plaintiff and Defendants MF Fund II LP and Craig Lipton have consented to this court's jurisdiction. [Docket Nos. 4-5.] None of the other defendants have appeared, and Plaintiff failed to respond to this court's order to file proofs of service so that the court could determine which of the defendants have been served. The court therefore has good cause to believe that none of the other defendants have been served.

In cases such as this one, where the plaintiff has consented but not served all the defendants, the defendants not served are not considered parties to the proceeding, and their consent is not required for magistrate jurisdiction. *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011) ("The court does not require the consent of the defendants to dismiss an action when the defendants have not been served and therefore are not parties under 28 U.S.C. § 636(c)."); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

Accordingly, the court finds that Defendants MF Fund II and Craig Lipton are the only defendants whose consent is required for magistrate jurisdiction, and therefore this court has jurisdiction to enter this order dismissing the action.